

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| PKC:SD | *271 Cadman Plaza East* |
| F. #2010R01769 | *Brooklyn, New York 11201* |

March 6, 2012

By Hand Delivery and ECF
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Jaime Rodriguez Yanez
>      Criminal Docket No. 11-297 (S-2) (KAM)

Dear Judge Matsumoto:

On November 30, 2011, the defendant Jaime Rodriguez Yanez pleaded guilty pursuant to a plea agreement to count twenty-one of the above-captioned indictment, charging him with conspiring to transport one or more individuals in interstate and foreign commerce, with intent that such individuals engage in prostitution, in violation of 18 U.S.C. §§ 371.  The defendant is scheduled to be sentenced by Your Honor on March 16, 2012.

The government respectfully submits this response to the defendant's sentencing submissions, dated February 15, 2012 and February 28, 2012.  The government has no objections to the Presentence Report ("PSR"), but clarifies two factual issues in the report, as discussed below, neither of which affects the applicable advisory sentencing range.

I.      Factual Background

As the PSR describes in some detail, the defendant participated in a conspiracy to transport individuals for the purposes of prostitution. (Presentence Investigation Report ("PSR") ¶¶ 3-20, 22-25).  Specifically, in May 2010, the defendant transported his girlfriend, Jane Doe #8, from Mexico to the New York City area with the intent that she would engage in

prostitution.[1]  (PSR ¶ 22). Between June 2010 and January 2011, Jane Doe #8 worked as a prostitute and provided the defendant approximately $5,000 of her earnings. See Id.

A few months later in July 2010, co-defendant Samuel Granados Hernandez smuggled Jane Doe #7 from Mexico to New York. (PSR ¶ 17). Soon after Jane Doe #7 arrived to New York, Samuel Granados Hernandez insisted that she work as a prostitute to pay off the smuggling debt.(PSR ¶ 18). The defendant, Jaime Rodriguez Yanez, took Jane Doe #7 to purchase clothing and lived with her at an apartment in the Bronx, New York where Jane Doe #8 also lived. (PSR ¶ 18). Both Jane Doe #7 and Jane Doe #8 worked as prostitutes and provided their earnings to Samuel Granados Hernandez and the defendant, respectively. (PSR ¶¶ 10, 19).

In April 2011, the defendant was arrested along with co-defendant Irma Rodriguez Yanez, who is the defendant's sister, and Jane Doe #7 in New York while attempting to board a bus at Port Authority.  (PSR ¶¶ 7, 22, 58).

In the plea agreement, the defendant's United States Sentencing Guidelines ("Guidelines") range was estimated to be 18 to 24 months' imprisonment. See plea agreement ¶ 2.  However, in the PSR, the United States Probation Department calculated that the applicable guidelines range is 24 to 30 months' imprisonment. (PSR ¶ 81).  The disparity between the estimated Guidelines range in the plea agreement and the Guidelines calculation in the PSR is the result of the government inadvertently and erroneously failing to include the multi-count adjustment for two individuals, Jane Doe #7 and Jane Doe #8, in the Guidelines estimate contained in the plea agreement.

The government has no objections to the PSR, but clarifies two factual issues in the report, neither of which affects the Guidelines calculation.  First, Paragraph 23 of the PSR indicates that, according to the government, Jane Doe #8 was coerced into traveling to the United States.  However, as previously noted (see supra at footnote 1), Jane Doe #8, who is the defendant's girlfriend, was more deceived, rather than coerced, into coming to the United States and working in prostitution.  This deception was based on false promises by the defendant that the money would be used to build a home for them in Mexico.  See PSR ¶ 8; plea agreement ¶ 2 (stipulation to fraud enhancement).  Second, Paragraph 24 of the PSR states that Jane

---

[1]  The individual identified by name as the defendant's girlfriend in Paragraphs 22 and 23 of the PSR is Jane Doe #8.

Doe #7 was defrauded into engaging in prostitution.  However, Jane Doe #7 was induced to work in prostitution by Samuel Granados Hernandez through a combination of fraud, coercion and violence.  <u>See</u> PSR ¶¶ 11-20.  Neither of these factual corrections, however, affects the Guidelines calculation because the four-level enhancement under U.S.S.G. § 2G1.1(b)(1)(B) applies if the offense involved either fraud or coercion.  <u>See</u> PSR ¶¶ 32, 38.  Furthermore, although noting that Jane Doe #8 was coerced into prostitution, the PSR Guidelines calculation applies the enhancement on the basis of fraud.  <u>Compare</u> PSR ¶ 23 and PSR ¶ 38.

II.     <u>Discussion</u>

        In his February 15, 2012 and February 28, 2012 sentencing submissions ("Sent. Mem."), the defendant argues (1) that the multi-count adjustment contained in the PSR is not applicable and (2) that the application of Section 3553 factors should result in a non-guidelines sentence.  These arguments must fail.

        A. <u>Base Offense Level and Multi-Count Adjustment</u>

        The defendant contends that there is no factual basis for the increased base offense level of 17.  <u>See</u> Sent. Mem., February 28, 2012.  The defendant further claims that the two-level multi-count adjustment for Count 21A and Count 21B in the PSR is not applicable because the government did not object during the defendant's plea allocution which referred to only one victim.  However, the application of the multi-count adjustment is correct, and the government's failure to object and its erroneous Guidelines estimate do not negate the applicability of this sentencing enhancement.

        First, the factual basis for the PSR accounting for two individuals is in the indictment and plea agreement.  <u>See</u> Indictment ¶¶ 24(a) and 24(c)and plea agreement ¶ 5(a). Moreover, while the defendant may have allocated to transporting only one individual,[2] it is irrelevant to the Guidelines calculation because the Guidelines consider the "relevant conduct" of the defendant, which includes both conduct that constitutes the "offense of conviction" and conduct that is "part of the same course of conduct or common scheme or plan as the offense of conviction."  <u>See</u> USSG § 1B1.3  Thus, at sentencing, the defendant is held responsible for his violation of Title 18,

_____

        [2] The defendant's plea allocution to transporting only one individual is sufficient to establish the violation of Title 18, United States Code, Section 2423 charged in count twenty-one because that court alleges that the defendant conspired to transport "one <u>or</u> more individuals."  <u>See</u> Indictment ¶ 23.

United States Code, Section 2423 with respect to both Jane Doe #7
and Jane Doe #8.  (PSR ¶¶ 23-24).

Second, concerning the disparity between the plea
agreement and the PSR, this court is not bound by the Guidelines
estimate in the plea agreement.  The plea agreement expressly
provides that the Guidelines calculation in the plea agreement is
only an "estimate" and is not "binding on the [government], the
Probation Department or the Court."  See plea agreement ¶ 3.
Indeed, the plea agreement specifically states: "If the
Guidelines offense level advocated by the [government], or
determined by the Probation Department or the Court, is, for any
reason, including *an error in the estimate*, different from the
estimate, the defendant will not be entitled to withdraw the plea
and the government will not be deemed to have breached this
agreement."  Id.  As noted, the plea agreement does not require
the government to advocate for a Guidelines estimate that is
later shown to be erroneous.  Id.; see United States v. Lawlor,
168 F.3d 633, 636-37 (2d Cir. 1999) (finding no breach based on
the government's failure to object to the PSR's Guidelines
calculation that differed from the government's estimate).

Here, at the time the government prepared the plea
agreement, it inadvertently and erroneously failed to include
both Jane Doe #7 and Jane Doe #8 in the Guidelines calculation.
While the government concedes its mistake, as discussed above,
the defendant's conduct with respect to both Jane Doe #7 and Jane
Doe #8 is properly included in the calculation of the applicable
Guidelines range.

Accordingly, the total offense level in this case is
17, and the advisory Guidelines range is 24 to 30 months'
incarceration.

B. Section 3553(a) Factors

With respect to the factors enumerated under 18 U.S.C.
§ 3553(a), a Guidelines sentence is warranted.

First, the applicable Guidelines range accounts for the
nature and circumstances of the defendant's offense.  The
defendant offers no characteristics that distinguish his offense
from the typical case.  The defendant states that he was employed
at the time of his arrest, has three young children, and will be
deported upon his release. He also contends that he is an
"unsophisticated young man who, however wrong was his conduct,
was attempting to support his family members who reside under
poor circumstances in their country." See Sent. Mem., February
15, 2012 at 1.  None of the unfortunate circumstances of the
defendant's family situation, however, require a non-Guidelines
sentence.  Indeed, the defendant is similarly situated to
virtually all defendants who have children and a family, and who

4

engage in criminal activity, in part, out of financial necessity. See, e.g., United States v. Vera Ramos, 296 Fed. Appx. 201, 203-04 (2d Cir. 2008) (affirming Guidelines sentence despite defendant's "'difficult upbringing' and 'very substantial family responsibilities'" and noting district court's observation that such circumstances are "almost universal" among defendants in similar cases).

Second, a Guidelines sentence would reflect the seriousness of the offense and deter criminal conduct. The defendant pleaded guilty to a large scale conspiracy involving the transportation of women with the intent that they engage in prostitution. By his own admission, he transported his girlfriend knowing that she would engage in prostitution. (PSR ¶ 22). While the defendant claims that his conduct did not involve any force or coercion, this is not entirely correct. Although the defendant's conduct with respect to Jane Doe #8 involved only fraud, the Court may consider his conduct with respect to Jane Doe #7, whom the defendant assisted in transporting for purposes of prostitution, and who was later induced to work in prostitution by his co-defendant and brother-in-law,[3] Samuel Granados Hernandez, through fraud, coercion and violence. See PSR ¶¶ 11-20.

III.  Conclusion

For the reasons set forth above, the government respectfully submits that a sentence within the advisory Guidelines range of 24 to 30 months, as set forth in the PSR, is appropriate.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:  ____/s/_____
Soumya Dayananda
Assistant U.S. Attorney
(718) 254-7996

cc:  Clerk of the Court (KAM)(By ECF)
     Joel Stein, Esq. (By ECF)

---

[3]See Arrest Affidavit, United States v. Samuel Granado-Hernandez and Irma Yanez-Rodriguez, M-11-449, ¶ 6(a) (statement of Irma Yanez-Rodriguez that she is the wife of Samuel Granados-Hernandez and has three children with him).